UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| DAVID HARRIS, *et al.*,<br>    Plaintiffs, | :<br>:<br>: |
| v. | :   No. 22-cv-3715 |
| SECRETARY GEORGE LITTLE,<br>*et. al.*,<br>    Defendants. | :<br>:<br>:<br>: |

_____

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 53 – Denied in part, Granted in part**

**Joseph F. Leeson, Jr.**                                                                                              **July 20, 2023**
**United States District Judge**

## I.     INTRODUCTION

Plaintiffs in this § 1983 case are pro se prisoners housed in solitary confinement and placed on the Restricted Release List ("RRL"). Plaintiffs allege that their Eighth and Fourteenth Amendment rights are violated by the conditions of their solitary confinement and by the unofficial procedures of the RRL. ECF No. 2, Compl. Plaintiffs name the following defendants: (1) the Pennsylvania Department of Corrections; (2) the current Department Secretary Little; (3) the former Department Secretary Wetzel; and (4) the former Department Secretary Beard. Defendants filed a motion to dismiss Plaintiffs' Complaint. ECF No. 53, Mot. For the reasons below, Defendants' Motion is granted in part and denied in part.

1

## II. BACKGROUND

### a. *The Restricted Release List*[1]

Under a policy of the Pennsylvania Department of Corrections, prisoners who pose a threat to life, property, themselves, staff, other inmates, the public, or the secure or orderly running of the prison facility may be placed on the Restricted Release List (the RRL). The Executive Deputy Secretary for Institutional Operations reviews requests to place prisoners on the RRL and will approve the request if transferring the prisoner to another facility or jurisdiction would not alleviate the security concern. When determining whether to place a prisoner on the RRL, the Executive Deputy Secretary considers, among other things, the prisoner's assaultive history, escape and escape attempt history, and any threat to the orderly operation of the facility.

Once a prisoner is placed on the RRL, they may be subject to various forms of administrative custody or solitary confinement. The policy requires that the reasons for placing a prisoner in solitary confinement be explained to the prisoner in writing during a hearing, and the prisoner may respond to the rationale. A summary of that hearing is then provided to the prisoner, and the prisoner may appeal the decision within two working days of the completion of the hearing.

Under the policy, a newly placed prisoner on the RRL has their status reviewed every seven days. After being on the RRL for sixty days, the prisoner's status on the RRL is reviewed, at the latest, every ninety days. Finally, an annual review of the prisoner's status on the RRL is also performed, which involves insight from a counselor assigned to the prisoner, the facility staff, and the prisoner's Unit Manager. A report that indicates whether the prisoner's status on the RRL should be continued

---

[1] This subsection of the Background is taken largely from Defendants' exhibit to their Motion, *see* ECF No. 53 Ex. A, which is a copy of a policy statement from the Pennsylvania Department of Corrections. The Court may consider this document in adjudicating the Motion to Dismiss because Plaintiffs' claims are based on this public policy. *See Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

is generated and circulated to various members of the administration, including to the Executive Secretary. Any decision to continue the prisoner's placement on the RRL may be appealed.

In April 2022, a new version of this program went into effect. Under the new policy, the final decision on whether to continue RRL status is made by the Executive Deputy Secretary.

### b. *Plaintiffs' Allegations*

Plaintiffs are all pro se prisoners, and their allegations paint the RRL in a different light than that of the RRL's "official" policy.

Plaintiffs all allege that they have been in solitary confinement for many years: Plaintiff Harris since 2006; Plaintiff Oliver since 2014; Plaintiff Jackson since 2018; Plaintiffs Marshall and Lewis for four years continuously; and Plaintiff Alexander has "been held in solitary confinement for years." Compl. ¶ 66. They also allege that they have been held in solitary confinement without any explanation as to why and have not been given an opportunity to challenge their RRL status. *See generally* Compl. Any review of their RRL status, according to Plaintiffs, is merely perfunctory.

Plaintiffs allege that they are "deprived of social interaction, environmental stimulation, [and] proper mental health diagnosis." *Id*. at ¶ 43. According to Plaintiffs, the time they are allowed out of their cells is spent in "a yard full of feces and urine." *Id*. at ¶ 46. Also, their cells are "illuminated by artificial lights, 24 hours a day." *Id*. at ¶ 48.

Plaintiffs believe that the RRL is simply a new name for an ongoing, secret "catch and release system" designed to keep prisoners, such as themselves, perpetually in solitary confinement. *See generally* Compl. According to Plaintiffs, their RRL status subjects them to illegal experimentation, and the Department of Corrections runs its program by denying Plaintiffs a chance to appeal and denying any meaningful reviews. Plaintiffs allege that the goal of this practice is to "drive [prisoners] crazy in long solitary confinement without treatment, then turn around and lean on their behavior in

attempts to continue to torture those [prisoners] until they either kill themselves or hurt someone as a result of the mental health problems." *Id*. at ¶ 53.

Plaintiffs further allege that Defendants "knew the risks proposed by long term solitary confinement" and knew that Plaintiffs were suffering from the negative effects of long term solitary confinement because Plaintiffs made reports to the "[Pennsylvania Department of Corrections] psychiatrist and psychologist departments, prison guards, counselors, teachers, program review committees and central office where the Secretaries of the [Pennsylvania Department of Corrections] [is] located, and yet all of these Secretaries failed to take reasonable measures to end" Plaintiffs' RRL status. According to Plaintiffs, Defendants approved and implemented the RRL policy that "forbids the Plaintiffs from ever contesting, knowing of or appealing their placement in the RRL."

Plaintiffs filed a putative class action suit under 42 U.S.C. § 1983, alleging that the Defendants violated their Eighth and Fourteenth Amendment rights. They seek monetary, injunctive, and declaratory relief. As defendants, Plaintiffs named the Pennsylvania Department of Corrections, Secretary George Little, and two former Secretaries of the Pennsylvania Department of Corrections: John Wetzel and Jeffrey Beard. Defendants filed a motion to dismiss the Complaint. *See* ECF No. 53, Mot. Plaintiffs oppose. *See* ECF No. 61, Resp.

### III.   LEGAL STANDARDS — Review of Applicable Law

Under Rule 12(b)(6), a defendant may make a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F. 3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (cleaned up). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (*citing Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F. 2d 1406, 1409 (3d Cir. 1991)). Additionally, when ruling on a motion to dismiss, the Court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputed authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

Courts read allegations made by pro se plaintiffs even more liberally and apply a less stringent standard to the pleadings of a pro se plaintiff when adjudicating a motion to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

**IV.    ANALYSIS**

Plaintiffs bring two constitutional claims against Defendants via 42 U.S.C § 1983: (1) a claim of cruel and unusual punishment, in violation of the Eighth Amendment; and (2) a claim of denial of due process, in violation of the Fourteenth Amendment. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. To bring a successful § 1983 claim, a plaintiff must show a deprivation of a right secured by the Constitution and the laws of the United States by a person acting under color of state law. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Defendants make a variety of arguments for dismissing Plaintiffs' Complaint in whole, or at least in part, and to dismiss one or more of the Defendants. The Court agrees with some of these arguments and disagrees with others. Each is addressed in detail below.

### a. *Plaintiffs' claims are not entirely barred.*

Defendants argue first that Plaintiffs' claims should be dismissed because they have not pled sufficient facts to give rise to a claim under the law. Specifically, Defendants argue that Plaintiffs' claims are barred because the policy at issue is constitutional on its face. Defendants highlight the procedural safeguards built into the policy. They also point out that other prisoner plaintiffs have brought similar claims challenging similar policies, and in some cases the exact same RRL policy, and courts have upheld these policies. *See*, *e.g.*, *Bowen v. Ryan*, 248 F. App'x 302, 304 (3d Cir. 2007).

Although this policy and similar policies have been upheld in the past, Plaintiffs' claims go beyond the face of the policy. Plaintiffs allege that Defendants do not follow the proper guidelines or perform the required reviews under the policy. According to Plaintiffs, Defendants ignore the procedural safeguards and manipulate the system in order to keep Plaintiffs in solitary confinement indefinitely and without reason. Whether the policy is constitutional on its face is a different question than whether Defendants adhere to the policy. *See Tucker v. Wetzel*, No. 1:22-CV-631, 2023 WL 322442, at *5 (M.D. Pa. Jan. 19, 2023). To the extent that Plaintiffs' claims challenge whether the RRL policy is constitutional, they are dismissed. *See Shoats v. Horn*, 213 F.3d 140, 147 (3d Cir. 2000) (holding that a similar solitary confinement program passed constitutional muster).

However, Plaintiffs' claims survive to the extent that they allege Defendants administer the RRL policy in an "unofficial" way that violates their constitutional rights. *See Clarke v. Coupe*, 55 F.4th 167, 179-80 (3d Cir. 2022) (holding prolonged solitary confinement as a result of a prisoner's RRL status may be sufficient to state an Eighth Amendment claim); *see also Tucker*, No. 1:22-CV-631, 2023 WL 322442, at *6 (holding allegations that a prisoner was not allowed to appeal RRL status

6

is sufficient to state a due process claim). Whether the policy was followed as it should be is a question of fact, which the Court cannot decide in adjudicating this Motion to Dismiss.

### b. *Plaintiffs sufficiently pled they lack an available administrative remedy.*

Before a prisoner may bring a § 1983 claim, they must first exhaust any administrative remedies available. 42 U.S.C. § 1997e(a). A prisoner need not, however, exhaust administrative remedies that are not actually "available" to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016).

Defendants argue that Plaintiffs' claims must be dismissed because Plaintiffs have not alleged that they exhausted their administrative remedies. Specifically, Defendants point to Administrative Directive 804, which outlines a three-tier administrative review for prisoner complaints, and Defendants argue that Plaintiffs did not follow this proper appeal procedure before filing suit.

Although Plaintiffs do not allege that they followed the exact protocol outlined by Defendants, they do allege that they made numerous reports and complaints to various prison staff and officials. If that were the only thing alleged by Plaintiffs, then the Court would agree that Plaintiffs first need to exhaust their available remedies by using the proper procedures available to them. But Plaintiffs allege more than that. They also allege that they were kept from appealing their RRL status and also that the appeals they made, and any reviews performed, were perfunctory. In other words, Plaintiffs allege that they essentially have no "available" administrative remedies. This allegation seems unlikely, but Plaintiffs have pled enough to suggest the possibility that they may lack an available administrative remedy. At this stage of litigation, that is enough to survive Defendants' Motion to Dismiss.

### c. *Plaintiffs have sufficiently pled individual knowledge and involvement.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Defendants argue that Plaintiffs' claims against the individual

Defendants must be dismissed because they have not sufficiently alleged that the individual Defendants had knowledge of or were involved in the violations alleged. According to Defendants, the Court should ignore Plaintiffs' allegations that Defendants knew of the alleged violations as merely conclusory. The Court disagrees.

Plaintiffs specifically allege that Defendants "knew the risks proposed by long term solitary confinement and knew that [Defendants] [were] suffering from their long Term Solitary Confinement from reports that they made." Moreover, Plaintiffs allege a conspiracy that goes all the way to the top, which includes the Acting Secretary and Executive Deputy Secretary of the Pennsylvania Department of Corrections. The Court is skeptical of Plaintiffs' allegations that a secret "catch and release" program actually exists. Nevertheless, at this stage of the litigation, the Court must put aside its skepticism and accept as true all of Plaintiffs' well-pled allegations. In addition, the Court must read the allegations liberally because Plaintiffs are pro se. As a result, the Complaint contains sufficient allegations that Defendants knew of and were involved in the alleged violations.

### d. *Defendant Pennsylvania Department of Corrections is dismissed.*

Section 1983 allows for suit to be brought against a "person" who acts under color of state law. Defendants argue that the Pennsylvania Department of Corrections must be dismissed as a defendant because it is not a "person" under the statute. The Court agrees, and Plaintiffs concede in their Response that the Pennsylvania Department of Corrections is not a person under § 1983. Resp. 14. As a result, the Pennsylvania Department of Corrections is dismissed, with prejudice, as a defendant.

### e. *Claims against Defendant Beard are barred by the statute of limitations.*

The statute of limitations for a § 1983 claim is governed by the tort laws of the state in which the claim arises. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). There is a two-year statute of limitations to recover damages for personal injuries arising from neglect, negligence, unlawful

violence, or wrongful acts in Pennsylvania. 42 Pa. Const. Stat. § 5524(2). Thus, the statute of limitations for a § 1983 claim in Pennsylvania is two years. *Kach*, 589 F.3d at 634.

Defendants argue that Plaintiffs' claims against Defendant Beard are barred by the statute of limitations because Beard resigned from his position as Secretary in 2010. Plaintiffs concede that Beard served as the Secretary from 2001 to 2010. Compl. ¶ 9. They argue, however, that the continuing violation doctrine tolls the statute of limitations for Beard.

Plaintiffs are mistaken. The continuing violations doctrine turns on the defendant's actions, not the plaintiff's injuries. *See Randall v. City of Philadelphia L. Dep't*, 919 F.3d 196, 199 (3d Cir. 2019). Even assuming that Beard violated Plaintiffs' constitutional rights by placing Plaintiffs on the RRL, Beard's most recent acts as Secretary were in 2010. The continuing violation doctrine therefore does not save Plaintiffs' claims against Beard. As a result, Plaintiffs' claims against Beard are barred by the statute of limitations because his alleged acts occurred more than two years prior to the filing of this suit, and he is therefore dismissed, with prejudice, as a defendant.

### f. *Claims against Wetzel in his official capacity are dismissed, and money damage claims against Little in his official capacity are barred.*

The Eleventh Amendment provides immunity to states in federal court. *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018). It also provides immunity to state government officials acting in their official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). There are three exceptions to Eleventh Amendment immunity: (1) Congress may abrogate a state's sovereign power under the Fourteenth Amendment, (2) a state may waive its immunity, or (3) a state official may be sued in their official capacity for prospective injunctive relief. *Hollihan v. Pa. Dep't. of Corrections*, 159 F. Supp. 3d 502, 510 (M.D. Pa. 2016). Eleventh Amendment immunity is not abrogated by § 1983, *Will*, 491 U.S. 58, 66, and Pennsylvania has expressly withheld consent to § 1983 lawsuits. 42 Pa. C.S. § 8521(b). Thus, the only remedies available against Pennsylvania and its agencies and officials in their official capacities under § 1983 are injunctive and declaratory relief. *Bracey v.*

*Pennsylvania Dep't of Corr.,* No. 21-CV-2825-JMY, 2022 WL 4542087, at *7 (E.D. Pa. Sept. 28, 2022).

Money damage claims against Defendants Little and Wetzel in their official capacity are therefore barred and dismissed with prejudice. *See Will*, 491 U.S. 58, 71 n. 10.[2] Defendants also argue that the remaining claims against Defendant Wetzel in his official capacity should be dismissed. The Court agrees because the only other relief available to Plaintiffs against Wetzel in his official capacity is injunctive. However, Plaintiffs concede that Wetzel is a "former" Secretary. Compl. ¶ 8. Since Wetzel is no longer Secretary, injunctive relief is not available here because Wetzel could not carry out any form of injunctive relief relating to Plaintiffs' RRL status. Plaintiffs' claims against Wetzel in his official capacity therefore fail and are dismissed with prejudice.

## V. CONCLUSION

The policy is constitutional on its face, but it is a question of fact whether Defendants adhere to that policy. The Pennsylvania Department of Corrections is dismissed as a defendant because it is not a "person" under § 1983. Beard is also dismissed as a defendant because he has not acted as Secretary since 2010. Finally, all claims against Wetzel in his official capacity are dismissed because he is no longer Secretary. For those reasons, and those given above, Defendants' Motion to Dismiss is granted in part and denied in part.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] The Court notes that money damages against Wetzel in his individual capacity are not barred by the Eleventh Amendment, nor are they barred by the statute of limitations, because Wetzel acted as Secretary until 2021, which is within the two-year deadline to bring a claim.