IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HARRIS, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **SECRETARY GEORGE LITTLE, et al.,** | : | |
| **Defendants.** | : | **No. 22-3715** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'OBJECTIONS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs', David Harris, Yafest Oliver, Craig Jackson, Hayden Marshall, Johnny Alexander, et al., respectfully submit this memorandum of law in opposition to Defendants' opposition to Plaintiffs' Motion for Class Certification as follows:

## I. STATEMENT OF FACTS
**P**

Plaintiffs' David Harris, Yafest Oliver, Craig Jackson, Hayden Marshall and Johnny Alexander; all inmates within the PADOC; brings this *pro se* civil

rights action under U.S.C. ("subsection 1983"), contesting the constitutionality of their [lacement in long term solitary confinement on the notorious Restricted Release List ("RRL"). The crux of the Complaint is that Plaintiffs' all have remained in long term solitary confinement on RRL for many years without due process and perfunctory reviews while being subjected to cruel and unusual punishment which has irreparably mentally affected all known prisoners which led to some form of self inflicted infury or by losing their sanity and will to stay alive through experiments leading to some of those prisoners being found guilty but mentally insane from long term solitary confinement through secret solitary confinement units such as the MCU and IMU, secret internal prison and public policies that the Defendants fail to follow and ignores and down plays srious mental health issues known to the Defendants in violation of the Eighth and Fourteenth Amendments to the U.S. Constitutions. The complaint seeks various forms of monetary, injunctive and declaratory relief.

**II.** 1. Whether Plainitffs' Motion for Certification should be denied because they have not met the requirements for class ceritfication, set forth in Rule 23 (a) of the Federal Rules of Civil Procedure?

**Suggested Answer: No**

## III SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiffs' motion should be granted. The Defedants seek to deny the Class Certification motion for four reasons, therefore, Plaintiffs' will object to said reasons in the order as the Defendants have asserted. **First**, Plaintiffs' Class Action Complaint at this point in litigation where discovery has been stayed pending possible appointment of legal representation has clearly satisfied the numerosity requirement of Rule 23(a).

initially, the Plaintiffs' motion for class certification starts off by reaching the numerosity requirement in asserting "Thousands of Prisoners in the Pennsylvania Prison System are being subjected to conditions challenged by Plaintiffs' in this case i.e. long term solitary confinement".

The (**CLASS ACTION ALLEGATIONS)** on page (26)(a) of the Class Action goes further in detail as to the conform to the numerosity requirement by painstakingly asserting that upon statistical information and belief that at this point 140 prisoners in solitary confinement is being subject to multiple consitutional violations as outlined in the complaint and the mental anguish the Plainitffs' are forced to endure (p.24 No. 70).

The Class Action complaint doesn't only address the constitutional violations being carried out by the Defendants at SCI- Phoenix, SCI-Camp Hill and SCI-Greene which now holds the states secret experimental control units such as the Intensive Management Unit, but also other secret

experimental control units such as the Special Management Units, Security Threat Group Management Units, Long Term Management Units, PORTAL, Behavior Modification Units, Diversionary Treatment Units and Maximum Control Units.

These secret maximum control experimental units are not small and contain from 96 to 500 prisoners in each unit all of which are members of this class action on a state level. These constitutional violations extend throughout the Pennsylvania Department of Corrections as asserted in the Class Action Complaint. In Seaweel v. Universal Fid Corp, 235 F.R.D. 64 (E.D.2006), the Court previously decided that 100 putative class members and 560 putative class members met the numerosity requirement of Rule 23. Jenkins v. Pech, 2015 U.S. Dist.LEXIS 76484.

The Class Action complaint represents one or more members of a class on behalf of all members and to support this the Court again could take judicial notice of the extreme levels of complaints raised in the federal Courts on similar issues raised in the Class Action Complaint which resulted in at this point more than $500,000.00 (five hundred thousand dollars) in settlements paid by the pennsylvania Department of Corrections to individuals, but yet the Defendants continue to violate Plaintiffs' rights to no avail. See Class Action Complaint p. 27).

**Second,** The Defendants claim the Plaintiffs have not established that

there are common issues of law or fact among the proposed class. It appears the Defendants are not attempting to comprehend the allegations in the class action complaint and are making arguments and objections simply to see what sticks on the wall which is not appropriate given the seriousnes of this Class Action Complaint. It is clear that the central issues raised by all of the Plaintiffs' are the Defendants violation of the Eighth and Fourteenth Amendments to the Pennsylvania and Federal Constitutions spanning twenty plus years and with each individual complaint filed against the Defendants by Plaintiffs, over 90% of those complaints survived a motion to dismiss in the federal courts and the Defendants raised the exact same defenses against the Plaintiffs that the Federal Courts disagreed with. Therefore, Plaintiffs' have established that their issues are common issues of law and fact among the proposed class.

**Third**, as outlined in the Class Action Complaint which lists several cases that are almost concluded in the Federal Courts in Pennsylvania the Plaintiffs have established that their claims and defenses are typical of the claims and defenses of the proposed class. (see Class Action Complaint p. 27 and generaly).

**Fourth**, as prose inm ates, Plaintiffs would not fairly and adequately protect the interests of their proposed class. This is typically true that the Federal Court do not think prisoners could represent the class as a whole

and Plaintiffs' have contacted more than 100 lawyers that usually handle these types of cases, however the court will acknowledge the hardship of prose litigants in attempting to obtain counsel in serious matters such as this Class action complaint, but that shouln't close the door on a complaint as serious as this case. In fact, Federal Rule 23 seemingly anticipated this hardship in some sense as it specifically directs class counsel if this Honorable Court thinks that discretion is warranted and the Plaintiff's pray that this Court deems this case worthy. see Fed Rule 23 (g) **Class Counsel.**

(1) Appointing Class Counsel. which articulates in the interest of justice what discretion this Honorable Court use. The Plaintiff's have already met the standard for Appointment of Class Counsel which resulted in this Honoarble Court putting this case on the panel for possible appointment of counsel and extending discovery while the Plaintiff's themselves sought counsel. It should be noted that Plaintiff's visit log will show that Plaintiff's had meetings with several lawyers that are considering taking this case such as attorney Bret Grote of the abolitionist law center and Michael Walker, Esquire who has expressed interest in representing the Class in this matter if their caseload permitted.

Federal Rule Civ. P. 23 (g)(2), (3) Interim Counsel allows the Court to designate counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

## ARGUMENT

### A. Standard for Class Certification

A Plaintiff seeking class certification bears the burden of proving that the action satisfies the four threshold requirements of federal Rule Civil Procedure 23 (a) and the action qualifies under one of the three subdivisions of Federal Rule of Civil Procedure 23 (b). Eisen v. Carliesle Jaquelin, 417 U.S. 156, 163 (1974). The Court is charged with the responsibility of employing a rigorous analysis to ensure compliance with Rule 23. General Tel. Co. of Southwest v. Falcon, 475 U.S. 147, 161 (1982). A decision on class certification may be made on the pleadings when a court can determine whether the interest of the absent parties are fairly encompassed within the named Plaintiff's claims Falcon, U.S. at 160.

Federal Rule of Civil Procedure 23 (a) sets forth the following prerequesite to class certification: One or more members of a class may sue or be sued as representative parties on behalf of all members only if:(1) the class is so numerous the joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parites are typical of the claims or defenses of the class; and (4) the representative parties will fairl and adequately protect the interests of their proposed class.

### B. Plaintiffs' Moltion for Class Certification should be granted because they have met the requirements of Rule 23(a)

Plaintiffs have satisfied the aforementioned threshold requirements for

class certification.

1. Plaintiffs have satisfied the numerosity requirement of Rule 23 (a).

Defendants argue that "Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 182 (3rd Cir. 2001); Fed. R.Civ. P. 23(a)(1). "No magic number exists satisfying the numerosity requirement." In re loewen Grip. Inc. Sec. Litig., 233 F.R.D. 154, 162 (E.D. Pa. 2005). While Plaintiffs' recognizes the Defendants position that no magic number exists satisfying the numerosity requirement, the Court could take judicial notice that Federal Courts has said that "generally if the named Plaintiffs demonstrates that the potential number of Plaintiffs exceed **40**, the first prong of Rule 23(a) has been met. *Stewart v. Abraham* 275 F.3d 226-27 (3d Cir.2001); See also Robidoux, 987 F.2d at 936.

2. Defendants have not disputed that these claims collectively surround two Constitutional violations of the eighth and fourteenth Amendments to the U.S. Constitutions and that at SCI- Phoenix alone there exists **seventy (70)** Plaintiffs to the class that has been identified and not separated by the Defendants as a result of this litigation, nor will the Defendants dispute that the Federal Courts have been flooded with these two specific claims in the eastern, western and middle district of

Pennsylvania. The Plaintiffs do not intend to establish that every other inmate currently in administrative custody is similarly situated as argued in the Defendants motion against class certification, However, Plaintiffs' do intend to establish that there are hundreds of Plaintiff's on the Restricted Release List RRL even afdter the DC ADM 802 was amended is similarly situated to the Plaintiffs in this class action. There in lies the reason why this case should be certified as a class action and why the Plaintiff's cannot proceed with this litigation as co-plaintiff's as the Defendants assert.

As to judicial economy, the Third circuit has stated that this consideration "primarily involves consideration of docket control, taking into account practicularities as simple as that of every attorney making an appearance on the record. Modafinil, 837 F.3d at 253-54.  Class Certification  would further the interest of judicial economy and access to a judicial forum. Plaintiffs allegations identifies Plainitffs incarcerated at DOC facilities throughout the entire state, spanning  the Eastern, Western, and  Middle District of Pennsylvania because that is how the Defendants are tactically housing the Plaintiffs in hopes of defeating a Class Certification from being granted. These legal issues are clearly considered by central office and til date they've been insulated from having the federal courts look into what is really happening in the Pennsylvania state system. This is akin to the Department of Justices DOJ, complaint that began at SCI-Cresson that was expanded to

the whole Department of Correction before the case was settled. The Court could take judicial notice of these cases on the docket which has already caused a logistical quagmire as individual cases and Class Certification would certainly be economical as far as docket control and efficiency. Defendants state that there is no evidence that other members of Plaintiffs' proposed "class" even had a cognizable claim related to administrative custody. much less that they lack a forum to resolve any potential claim.

This is clearly a sanitized description of the issues at hand. Notably, the Defendants have gone to great lengths in all of its submissions to this Honorable Court whether it be via motion to dismiss, or this motion not to certify this case as a class action to refrain from using the words like Long Term Solitary Confinement, Restricted Release List, Due Process Violations which culminated in the Defendants physically and mentally torturing it's prisoners for years and decades without recourse for which the Class Certification has sought relief from as it is being conducted by the Defendants in each of it's facilities that house Restricted Release List prisoners as well as facilities in the state system in which Former Deputy Secretary Tabb Bickell testified to the fact that he will leave those prisoners to languish on RRL or Long Term Solitary Confinement simply because they're to dangerous and he believes that they personally told the former secretary tabb Bickell Tabb that they would be more violent if they were let

out of Solitary Confinement. When pressed on the names of those prisoners and where they could be located the former secretary tabb Bickell said they would be located in the Restricted Housing Units throughout the PADOC. (Tabb Bickell Deposition pp. 33-42). The Class Action Complaint and Motion for class Certification although inartfully drawn cleary has multiple cognizable claims related to the treatment of prisoners which are predominately populations of black and brown people who are suffering at the ahnds of the Defendants and previous settlements that the Defendants gave out to individual prisoners raising the exact same claims as the Plaintiffs in this Class Action has not prevented the Defendants from violating the rights of those members subject to this Class action. See for example Shoats v. Wetzel; Arthur Johnson v. Wetzel; Norman Johnston v. Wetzel, culminating in over one million dollars with lawyer fees, footed by the Pennsylvania tax payer which satisfies the **Common Issues of Law or Fact Among the Proposed Class.** None of the Defendant cases presented on supervisory liability for discrimination are applicable to this case.

3. Therefore, Plaintiffs' have established and provided information that would show they're all similarly situated to all other Restricted Release Prisoners throughout the state department of Corrections and that the Defendants defenses are the same as every other prisoner on the restricted Release List whether in a specialized housing unit or not and the first case on

the matter that bears the same claims and defenses is headed to trial on March 4, 2024 in the Western District of Pennsylvania, See Pelzer v. Jeffrey Beard, John Wetzel, et al., 1:20-cv-325E.

4. It is respectfully requested that class counsel be appointed by this Honorable Court or designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action pirsuant to Federal Rules Civil Procedure 23 (g)(1); (g)(2); (g)(3) to fairly and aduequately represent and protect the intersets of their Proposed Class. Each of the Plaintiffs' circumstances are the same and the Court stayed the proceedings to give Plaintiffs time to see if Counsel would come on board to represent the Plaintiff's and when the case sat on the panel this Honorable Court did in fact allow the case to sit on the panel a while longer while the Plaintiffs sought counsel and that they did in having visits with multiple lawyers and other lawyers that wanted to visit has to wait to be added to the prospective prisoners visitors list which is only updated every 30 days with a lay over to allow staff to carry the task out. The Court recently lifted the stay and directed the Plaintiff's to answer the Defendants objection to the Palintiff's motion for class certification. Typically a prisoner proceeding prose may not seek relief on behalf of his fellow prisoners. *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n 1 (3d Cir. 2005). Therefore, Plaintiff's pray for appointment of counsel in this

extraordinary case of magnitude proportions to satisfy the final prong of Rule 23(a); *Mc Kowan* 392 F.3d 108.

## V. CONCLUSION

Wherefore, Plaintiffs' respectfully request that the Court grant their Motion for Class Certification.

## VI. TEXT OF PROPOSED ORDER

AND NOW, this ___day of ____________________,2024, upon consideration of Plaintiffs' Motion for Class Certification, Defendants' Response thereto and Plaintiffs' Response to Defendant Motion to Deny the Plaintiff's Class Certification, it is ORDERED and DECREED that the Motion is GRANTED and ________________Esquire is appointed to represent the Class in this matter.

Dated: February 21, 2024

Respectfully submitted,

/s/ Hayden Marshall

Print Hayden N. Marshall SR.*

No. HK7938

SCI-Phoenix

1200 Mokychic Drive

Collegeville,Pa. 19426

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID HARRIS, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| SECRETARY GEORGE LITTLE, et al., | : | |
| | : | |
| Defendants. | : | No. 22-3715 |

**CERTIFICATE OF SERVICE**

I certify that on this day, service of MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DENY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION was made via regular United States mail, postage prepaid, to:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
PHILADELPHIA, PA. 19106-1797

MICHELLE A HENRY (Attorney General)
MELISSA MEDINA (Deputy Attorney General)
KAREN M. ROMANO (Chief Deputy Attorney General)

Commonwealth Of Pennsylvania (Civil Litigation Section)
OFFICE OF THE ATTORNEY GENERAL
THe Phoenix Building
1600 Arch Street, 3rd Floor
Philadelphia, PA. 19103

Dated: February 21, 2024

Respectfully submitted,

/s/ Hayden Marshall
Print Hayden N. Marshall SR*
No. HK7938
1200 Mokychic Drive
Collegeville, Pa. 19426

Smart Communications/PADOC
SCI-Phoen*x
Name Hayden N. Marshall 8R*
Number HK7938
PO Box 33028
St Petersburg FL 33733

REC'D FEB 28 2024

Clerk Of Courts
504 Haml*n St*
Allentown.Pa.18101

quadient
FIRST-CLASS MAIL
IMI
$001.12º
02/26/2024 ZIP 19426
043M31248366
US POSTAGE

18101$1518 C017